UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JIM GRAHAM d/b/a            )
SOUTHEAST MACHINE,          )
                           )
        Plaintiff,          )
                           )
v.                         )        No. 2:08-CV-274
                           )
ALPHA SINTERED METALS, INC.,)
                           )
        Defendant.          )

## MEMORANDUM

This is a civil action for breach of contract. Now before the court are defendant's motion for summary judgment [doc. 24] and plaintiff's motion for partial summary judgment [doc. 26], each of which has been fully briefed and is ripe for the court's consideration. For the reasons that follow, both motions will be denied.

I.

*Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that its opponent has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255.

"It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment, and that the court is not required to search the record for some piece of evidence which might stave off summary judgment." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997). A party responding to a summary judgment motion "*must . . .* set out *specific facts* showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added).

The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law, *Liberty Lobby* at 251-52, but at summary judgment it is not the court's role to weigh evidence or to determine credibility. *See id.* at 255. Nonetheless, "evidence in opposition to the motion that clearly is without any force is insufficient to raise a genuine issue." 10A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2727 (3d ed. 1998).

2

*Background*

Defendant Alpha Sintered Metals, Inc. ("Alpha") is a "powder metal parts" supplier which develops and produces parts for customers in various industries. Plaintiff Jim Graham d/b/a Southeast Machine ("Graham" or "Southeast Machine") provides metalworking services. In September 2007, the parties entered into a contract whereby plaintiff would provided grinding work on certain parts ("swash blocks") manufactured by defendant prior to their ultimate delivery to defendant's customer Parker Hannifin ("Parker").

As to the terms of the contract, neither party disputes that the offer is found in plaintiff's September 7, 2007 "Quotation" provided to defendant. The Quotation states in full,

> Southeast Machine will grind swash blocks [f]or Alpha for piece price of $3.00 each. Southeast Machine will ship from their plant to Parker included in above price.
>
> Terms: Net 45 days (same as Parker to Alpha)
>
> Alpha is to give written guarantee that Southeast Machine will be single source for this grinding operation provided quality & delivery are good.

Although the parties disagree as to the extent and conditions of defendant's acceptance, it is undisputed that the portion of defendant's acceptance material to the instant lawsuit is found within the second paragraph of a September 12, 2007 letter to plaintiff signed by defendant's Vice President of Operations, Dwarak Parvatam. That paragraph states in full,

[Defendant] will guarantee 100% of the grinding business for this project for the next 12 months. After that time we will revisit the project and extend it or modify it. It is not our intention to look for additional capacity as long as you are meeting your quality and pricing commitments. However, I have been instructed to readdress this item. We do not want any misunderstandings that could affect our relationship.

Prior to September 2008, defendant began using another company or companies to perform grinding work for the Parker project, despite its twelve-month contractual exclusivity commitment to plaintiff. The instant lawsuit followed.

III.

*Analysis*

A. <u>The Contract</u>

In its September 7, 2007 offer, plaintiff committed to provide grinding and delivery for a set price. Plaintiff also therein committed to a standard of "good" quality and delivery. In its September 12, 2007 acceptance of that offer, defendant guaranteed that plaintiff would receive one hundred percent of the grinding business for the Parker project. Plaintiff contends that the contract contains no additional terms pertinent to the instant motions, and the court agrees.

Defendant argues that the third sentence of the second paragraph of its acceptance letter open-endedly imposed numerous additional "quality and pricing requirements." According to defendant's briefing, plaintiff was contractually required to, *inter alia*, submit "Failure Mode and Effects Analysis" and "control plan documentation," document its "processes," "use the fixture that locates the parts on the machined counter

4

bores," submit written work instructions, develop control plans, establish "adequate inspection points throughout the grinding process," identify a "non-conforming material hold area," "identify employee training and maintain training records," and obtain "ISO/QS certification." The court, however, finds no genuine issue of material fact as to whether such requirements were a part of the contract.

In its acceptance, defendant "guarantee[d] 100% of the grinding business . . . for the next 12 months." The remainder of that paragraph addressed what would happen "[a]fter that time." After the twelve month term, defendant would "revisit the project and extend it or modify it" and did not intend to utilize other grinders for Parker swash blocks unless plaintiff was not meeting its "quality and pricing commitments." No reasonable juror could conclude that plaintiff's offer contains any quality commitment beyond the pledge to provide "good" quality grinding work. The certification and documentation "commitments" alleged by defendant simply are not a part of the expressed agreement. Had defendant wanted such "commitments" to be contractually binding, it could easily have conditioned its acceptance accordingly.

### B. Defendant's Motion for Summary Judgment

Defendant argues that it was excused from the twelve-month exclusivity requirement because plaintiff did not complete the alleged certification and documentation "commitments" listed above, thus breaching the contract. Because no reasonable juror could find such "commitments" to be a part of the contract, defendant's argument fails.

5

Defendant also contends that its quality requirements were vague, thus rendering the contract unenforceable. In support of this theory, defendant cites a sentence from Graham's deposition testimony in which he states, "The requirements were vague and my interpretations would be different from other people's."

The court first notes that defendant, curiously, filed the deposition page containing Graham's answer but did not file the preceding page containing the question being answered. While the court presumes that Graham was addressing the words "quality and pricing commitments" contained in paragraph two, sentence three, of defendant's acceptance, it is not possible to place this testimony in context without knowing what question Graham was answering.

Regardless, because the "quality and pricing commitments" sentence was not a part of the contract, defendant's vagueness argument is without merit. Defendant's summary judgment motion must be denied.

## C. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for summary judgment solely on the issue of liability. The motion will be denied because the court finds a genuine issue of material fact as to whether plaintiff in fact provided "good" quality grinding work as required by the contract.

In a March 19, 2008 email, defendant advised plaintiff that it had been "informed by Parker that the sharp edges left on the radius after grinding is [sic] causing a functionality problem." Plaintiff was asked to adjust its filing and buffering processes to

6

address this issue which, according to defendant's briefing, was one of the "serious quality deficiencies" that caused it to ultimately send Parker grinding work to another company in May 2008.

In response, by affidavit, Graham states that the burrs were the result of defendant's manufacturing process "and outside the scope of the grinding work I had contracted to perform. Nevertheless, I attempted to comply with their request to remove those burrs." Irrespective of where the burring originated, defendant's email is evidence that the swash blocks delivered to Parker had a "functionality problem." There accordingly exists a genuine issue of material fact as to whether plaintiff fulfilled its contractual commitment to provide "good" quality grinding. Graham's equivocal statement that he "*attempted to . . . remove those burrs*" does not affirmatively establish that he in fact did so.

The court thus finds a genuine issue of material fact regarding which party was first to breach the contract. Plaintiff's motion for partial summary judgment must accordingly be denied.

IV.

*Conclusion*

An order consistent with this opinion will be entered. This civil action remains set for a jury trial to commence March 4, 2010.

ENTER:


<u>            s/ Leon Jordan            </u>
United States District Judge